# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRAVIS QUIRING,<br><br>  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>  Respondent. | Civil Case No.  2:17-CV-116-BLW<br>Criminal Case No. 2:15-CR-113-BLW<br><br>**MEMORANDUM DECISION AND ORDER AND DENIAL OF CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

The Court has before it a motion to vacate Quiring's sentence and a request for a hearing on that motion. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## LITIGATION BACKGROUND

Quiring pled guilty to a counterfeiting charge and was sentenced to 24 months to run consecutively to his sentence in the State court. He is currently in State custody that is not set to expire until 2026. On March 10, 2017, Quiring filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, claiming that (1) he did not waive speedy trial; (2) he signed a plea agreement and the prosecutor told him that his federal sentence would be concurrent with his state sentence; and (3) he has completed his classes and wants leniency. He also requested a hearing on that motion.

## STANDARD OF REVIEW

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *U.S. v. Withers,* 638 F.3d 1055, 1062 (9th Cir. 2011). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63.

## ANALYSIS

### Speedy Trial Claim

Quiring complains that the Court "took 10 mo. to get me to sentencing" and alleges that he "never signed or explicitly waived my right to speedy trial." *See Petition (Dkt. No. 1)* at ¶ 14. Quiring made his initial appearance on May 20, 2015. A week later, on May 27, 2015, the Court granted a motion to continue filed by Quiring's co-defendant, continuing the trial for both defendants until October 5, 2015. About two months before that trial date, on July 28, 2015, Quiring pled guilty.

This time-line shows conclusively that there was no speedy trial violation – at most only a few days had run off the speedy trial clock when Quiring pled guilty. While Quiring complains that he never consented to his co-defendant's motion to continue the trial, that argument must be rejected. Under the Speedy Trial Act, 18 U.S.C. §

**Memorandum Decision & Order – page 2**

3161(h)(6), excludable time exists for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." As the continuance order makes clear, the finding of excludable time applied to both Quiring and his co-defendant. *See Order (Dkt. No. 28 in U.S. v. Quiring Case No. 2:15-CR-113-BLW)*. Quiring's speedy trial allegations fail to state a claim and must be dismissed.

**Promise for a Concurrent Sentence**

Quiring alleges that "I signed a plea agreement to run state and federal time concurrent" and further alleges that "[t]he prosecutor and I had an agreement for concurrent sentencing." *Petition, supra* at ¶ 14. But the Plea Agreement signed by Quiring contains no promise for a concurrent sentence – it says nothing that could even be construed as such a promise. Indeed, that Agreement contains a provision, just above Quiring's signature, stating that '[n]o other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case." *See Plea Agreement (Dkt. No. 32 in U.S. v. Quiring, supra)*. During the plea hearing, Quiring confirmed that the signature on the plea agreement was his. He was then asked if there were any promises or inducements made to him other than those contained in the plea agreement to induce him to plead guilty, and he answered that there were none. This argument must be rejected.

**Completion of Classes**

Quiring seeks leniency on the ground he has completed his substance abuse and other classes. While laudable, this is not a ground for relief under § 2255.

**<u>Certificate of Appealability</u>**

In the event Quiring files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has denied Quiring's claims on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record, the

**Memorandum Decision & Order – page 4**

Court concludes that reasonable jurists would not find debatable the Court's decision on the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Quiring must file a notice of appeal in this Court within thirty (30) days after entry of this Order, and he may file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

**Conclusion**

For the reasons explained above, the claims in the petition fail to state a claim on their face, and a hearing would serve no purpose. The Court will therefore deny the motion for a hearing and dismiss the petition. The Court will also deny a Certificate of Appealability. The Court will enter a separate Judgment as required by Rule 58(a).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for hearing (docket no. 5) is DENIED.

IT IS FURTHER ORDERED, that the motion to vacate, set aside, or correct sentence (docket no. 1) is DENIED, and this case is DISMISSED. The Clerk is directed to close this case.

IT IS FURTHER ORDERED, that a Certificate of Appealability will not issue. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the
**Memorandum Decision & Order – page 5**

notice of appeal, together with the Order, and the separate Judgment, to the United States Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED, that if the Petitioner wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court within thirty (30) days after entry of this Order, and he may file a motion for a Certificate of Appealability in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

DATED: February 7, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge